AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
One Black iPhone, Model A1661, FCCID: BCG-E3087A )
IC 579C-E3087A )
)

Case No. A19-m-478

FILED 2019 AUG 23 AM 11:17
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the   Western   District of   Texas   , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 924 (a)(1)(a) | Providing false information on a federal form required to be kept by a Federal Firearms Licensee. |
| 18 USC 922(d)(5) | Sell or dispose of firearm to person illegally or unlawfully in the United States. |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jason Liebler, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  08/23/2019

*Judge's signature*

City and state:  Austin, Texas            Mark Lane, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jason Liebler, employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of **one black iPhone, Model A1661, FCCID: BCG-E3087A IC 579C-E3087A** (the "Target Device") and the extraction from that property of electronically stored information described in Attachment B. The Target Device is currently in the custody of the ATF Austin Field Office.

2. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives and have been so since March 2015. Prior to my employment with ATF, I was a commissioned officer in the United States Marine Corps and federal government consultant. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy.

3. I am familiar with the information contained in this affidavit, either through personal investigation or through discussion with other law enforcement officers, who have participated in and have contributed documentary reports of investigative efforts in this matter.

4. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Austin Field Office and my duties include investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as

1

amended (Title 18, United States Code, Sections 921 et seq.), explosives, arson, alcohol, and tobacco laws. I am familiar with investigations involving violations of the Gun Control Act, as amended, including but not limited to the unlawful act of a felon possessing a firearm and the unlawful act of the receipt, possession, bartering, selling or disposing of firearms.

5. Through my training, education and experience, I am also familiar with the manner in which firearms are illegally obtained, transported, stored, concealed, smuggled, and trafficked. I am also familiar with the methods and tactics by which individuals who illegally acquire firearms, secret their activities from law enforcement entities.

6. This affidavit is intended to show that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this investigation. When I relate conversations, I do so in sum and substance. All dates and times are approximate unless otherwise stated.

## OFFENSES

- Title 18, United Stated Code, Section 924(a)(1)(a) – Prohibits "knowingly mak[ing] any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter."

- Title 18, United States Code, Section 922(d)(5) – Makes it unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such a person is illegally or unlawfully in the United States. (collectively the "Target Offenses").

## **PROBABLE CAUSE**

7.     On 11/06/2018, ATF Special Agent Liebler was notified by the Austin Police Department ("APD") of an individual suspected of trafficking firearms. The individual was identified as Jose SALAZAR-JAIMEZ.

8.     APD conducted a traffic stop at the 2000 Block of Pipers Field Drive, Austin, Texas 78758 for traffic violations, specifically window tint violations and no front license plate. SALAZAR-JAIMEZ was the sole occupant of the vehicle, further identified as a 2006 Chevy Silverado 1500. Upon approaching the driver's side window, APD officers requested SALAZAR-JAIMEZ's driver's license and vehicle insurance/registration. SALAZAR-JAIMEZ stated he was required to reach for the information and APD officers questioned if any weapons were in the vehicle for officer safety. SALAZAR-JAIMEZ stated that there were firearms in the rear seat.

9.     For officer safety, SALAZAR-JAIMEZ stepped out of the vehicle and three boxes, with Century Arms written on them, were placed in the bed of the vehicle.

10.    Upon further inspection, the firearms were identified as the following:

   a. Century Arms, model AK63DS, 7.62 caliber rifle, S/N: F01973

   b. Century Arms, model AK63DS, 7.62 caliber rifle, S/N: F01431

   c. ROMARM, model WASR-10, 7.62 caliber rifle, S/N: A1-61387-18 RO

   d. ROMARM, model WASR-10, 7.62 caliber rifle, S/N: A1-62089-18 RO

   e. ROMARM, model WASR-10, 7.62 caliber rifle, S/NL A1-62073-18 RO

11.    SA Liebler arrived on scene and contacted APD Officer Heinrichs. Officer Heinrichs stated that SALAZAR-JAIMEZ was transporting five firearms in the back seat of his vehicle.

SALAZAR-JAIMEZ stated to APD officers that the firearms were just purchased at Elite Guns, a federal firearms licensee, located at 2121 W Parmer Lane Unit 107, Austin, Texas 78727.

12. SA Liebler identified himself as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and presented his ATF Issued Badge and Credentials to SALAZAR-JAIMEZ.

13. SALAZAR-JAIMEZ stated he was born in Austin, Texas and his birthday was 05/25/1999. He stated that he purchased the five firearms in order to gift three of them to his father and two brothers. He stated he was planning on keeping two firearms for himself.

14. SALAZAR-JAIMEZ stated that he lives in Manor or Elgin and "it is somewhere between Manor and Elgin." SALAZAR-JAIMEZ could not provide an exact town. He stated his address was 8605 Showers Drive. APD Officers identified the address as Elgin, which was confirmed by showing the address to SALAZAR-JAIMEZ on a map. SALAZAR-JAIMEZ acknowledged that the address he had used to purchase the firearms was not his current address.

15. SALAZAR-JAIMEZ stated he purchased the firearms due to his family not being allowed to since they are here illegally. SALAZAR-JAIMEZ expressed concern of potential deportation of his family members and did not provide contact information or addresses for his family. SALAZAR-JAIMEZ stated that he still has family in Mexico.

16. SA Liebler questioned SALAZAR-JAIMEZ about the vehicle he was driving, due to the registration being associated with a woman whose address is in Mission, Texas, near the U.S-Mexico border. SALAZAR-JAIMEZ stated that the vehicle was purchased the previous Sunday, 11/04/2018. SALAZAR-JAIMEZ stated he paid $3000 in cash for the vehicle. He stated he found an ad for the car on Facebook Marketplace the previous Friday. He stated a male

responded to the ad and after a price was agreed upon, it was stated that the male would have to drive to his sister's to have the title signed over. SALAZAR-JAIMEZ stated the title was at his house and was not readily available to show to me.

17. SALAZAR-JAIMEZ stated he met the individual at a Chili's in San Antonio on Sunday to complete the transaction. SALAZAR-JAIMEZ provided a phone number for the male and a contact name as "Viejoooo."

18. Due to SALAZAR-JAIMEZ's admissions that he had provided false information when he purchased the firearms, namely that he provided an incorrect address and claimed to be purchasing the firearms for his own use when in fact he was purchasing them in order to transfer them to his brothers and fathers, and his admission that he was intending to transfer the firearms to persons who are in the United States illegally or unlawfully, SA Liebler seized the five firearms in his possession. SALAZAR-JAIMEZ was not arrested or charged at that time.

19. Following his interview of SALAZAR-JAIMEZ, SA Liebler went to Elite Guns and obtained a copy of the ATF Form 4473 completed and submitted by SALAZAR-JAIMEZ. The form showed SALAZAR-JAIMEZ's address as 9608 Point Vista Place A, Austin, Texas 78753, different than the Elgin, Texas address he claimed when he was interviewed. SALAZAR-JAIMEZ also confirmed on the form that the firearms being purchased were for his own personal use.

20. On 11/07/2018, SA Liebler contacted Enforcement Removal Operations Special Agent James Allen, in reference to the immigration status of SALAZAR-JAIMEZ's his father and two brothers. SA Allen stated that Jose Salazar (SALAZAR-JAIMEZ's father) had been deported in 2008 and there was no indication that he had requested or been granted permission to re-enter the

United States, thus Affiant concluded based on his training and experience that Jose Salazar was in the United States illegally. SA Allen stated there was no record of any immigration-related contact with SALAZAR-JAIMEZ's brothers, thus Affiant was unable to make a conclusion regarding whether SALAZAR-JAIMEZ's brothers were in the United States legally.

21. On 07/17/2019, SA Liebler was provided the results of a Wage Detail query by Department of Public Safety (DPS) Texas Joint Crime Information Center (TJCIC). The results revealed SALAZAR-JAIMEZ received no wages in Texas. TJCIC utilized SALAZAR-JAIMEZ's social security number for its query parameters.

22. SA Liebler contacted Travis County Sheriff's Office (TCSO) Criminal Investigations Division (CID), in reference to the 8605 Showers Drive address. SA Liebler contacted TCSO Detective (Det.) Keith McManus. Det. McManus queried the TCSO database which revealed an incident on 03/15/2019 at the aforementioned Elgin address that involved SALAZAR-JAIMEZ.

23. A review of TCSO Incident Report 19-6953 revealed TCSO Deputies contacted SALAZAR-JAIMEZ in reference to SALAZAR-JAIMEZ's dog being shot by a family member.

24. SA Liebler received a utilities query report for 9608 Point Vista Place A, Austin, Texas 78753. The results revealed utilities belonged to a person other than SALAZAR-JAIMEZ.

25. SA Liebler conducted a query of Travis County CAD property details which revealed Jaime S. Alvaredo, President and Director of JTE Austin Properties Inc., owned the duplex located at 9608 Point Vista Place, Austin, Texas 78753.

26. On 07/20/2019, SA Liebler received confirmation from Mr. Alvaredo of the current tenants and the leasing dates. The current tenants are persons other than SALAZAR-JAIMEZ.

SALAZAR-JAIMEZ was the prior tenant, but his lease expired in June 2018 and the new tenants' lease began 7/1/2018.

27.     From 09/18/2018 to 07/15/2019, SALAZAR-JAIMEZ purchased 39 firearms, primarily 7.62 caliber rifles. SALAZAR-JAIMEZ paid in cash each transaction, up to approximately $4500 in a single transaction. In total, it is estimated that SALAZAR-JAIMEZ has purchased approximately $22,500 in firearms.

28.     Three firearms purchased by SALAZAR-JAIMEZ during this time period have been recovered by law enforcement in Mexico. One each from the following purchase dates: 09/18/2018, 09/24/2018 and 10/5/2018.

29.     21 of the 39 firearms purchased have been purchased after the contact with SALAZAR-JAIMEZ on 11/06/18.

30.     SALAZAR-JAIMEZ purchases the 7.62 caliber rifles from Elite Guns Inc., located at 2121 W Parmer Lane, Austin, Texas 78727. Approximately 32 7.62 caliber rifles have been purchased from that Federal Firearms Licensee. SALAZAR-JAIMEZ also purchased one pistol, a Smith & Wesson 22 LR, from Elite Guns.  SALAZAR-JAIMEZ also purchased six (6) firearms from Academy Store 226, located at 749 Highway 71 West, Bastrop, Texas 78602, to include: five (5) Ruger 10/22 rifles and one (1) 12 gauge shotgun.  Academy Store 226 is also a federal firearms licensee.

31.     SALAZAR-JAIMEZ used the false address and claimed all of the purchases were for personal use on the ATF Form 4473 for each of these purchases.

32.     SA Liebler was not notified of any ammunition purchased during the transactions at either Federal Firearms Licensee.

33. On 08/21/2019, SALAZAR-JAIMEZ was arrested by USMS and **one black iPhone, Model A1661, FCCID: BCG-E3087A IC 579C-E3087A** was seized from his person.

34. Based on his training and experience, affiant knows that persons who illegally traffic in firearms typically communicate with their customers, accomplices, and/or co-conspirators using their mobile telephones, through calls, text messages, text applications like WhatsApp and Snapchat, and by email. Communications can include, but are not limited to, orders for weapons, the type of weapons being requested or purchased, the sale price, photos or videos of the weapons, and times and locations for deliveries. Other data on the phone could include, but is not limited to, logs of sales and sale information and location information. Thus, the information contained in the Target Device could include evidence of the Target Offenses as well as lead to information regarding the identities of any accomplices, co-conspirators, and customers.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

35. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

36. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

8

37. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

38. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

39. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

40. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a mobile device is evidence may depend on other information stored on the mobile devices and the application of knowledge about how a mobile device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

41. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

42. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the request warrant would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-

assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

43.     Based on the foregoing, your affiant affirms that there is probable cause to believe that the **Requested Search Warrant** will lead to evidence of the **Target Offenses**. Furthermore, there is probable cause to believe that concealed within and on the **Target Device** further described in Attachment A exists evidence of the **Target Offense** described in Attachment B. Affiant further requests that the Court authorize execution of the warrant at any time of day or night because the location to be searched is already in the custody of the ATF and this will facilitate the forensic extraction.

_____
Jason Liebler
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me this 23 day of August, 2019.

_____
MARK LANE
United States Magistrate Judge

## **ATTACHMENT A**

<u>Items to be searched:</u>

**One black iPhone, Model A1661, FCCID: BCG-E3087A IC 579C-E3087A**

This warrant authorizes the forensic examination of the Device for the purpose of identifying stored information described in Attachment B.

## **ATTACHMENT B**

Items to be Seized and Searched:

1. Any and all evidence of unlawful possession of firearms, in violation of, among other things, including but not limited to 18 USC 922(d) and 18 USC 924(a)(1)(a). Such evidence includes, but is not limited to:

   a. Cellular telephone contact lists, text messages, address books, applications and associated data and metadata, or other digital documentation which reflect names and the telephone or contact numbers or names stored within the electronic devices, and/or audio recordings contained in the electronic devices as well as electronic organizers and the information stored within, which reflect the names, addresses and/or telephone numbers of individuals associated in dealing in illegal controlled substances or firearms;

   b. Photographs and/or videotapes of individuals, property and firearms or other weapons; records or data, including metadata, relevant to the ownership or possession of any seized device or communication between members and associates of the conspiracy, whether charged or uncharged;

   c. Records or data relevant to determining the location of the device and/or its possessor, including file metadata and global positioning data stored within the devices.

   d. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

e. Search and seize all stored electronic and wire communications and information in memory within the mobile device, including email, instant messaging, or other communications, and including any content that may be synchronized to or on the device from any service or application utilized by the subject as of the date of execution of the search warrant (i.e., the date of the password reset).

f. Search and seize all items that were deleted from the cell phone's contents.

g. Evidence associated with trading, purchasing or selling firearms.